**"Coach" Bob NELSON, Plaintiff,**

v.

**Sue PAYNE, et al., Defendants.**

**Civ. A. No. H–91–694.**

United States District Court, S.D. Texas, Houston Division.

Dec. 29, 1992.

Eric D. Nielsen, Hjalmarson & Nielson, Mary Ann French, Houston, TX, for plaintiff.

Bob "Coach" Nelson, pro se.

J. Timothy Brightman, Bracewell & Patterson, Houston, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

ROSENTHAL, District Judge.

Plaintiff, a former employee of defendant HISD, alleges that defendants violated his due process, equal protection, and first amendment rights when they did not rehire him as a teacher and athletic coach in 1990. The case is now before the Court on defendants' motion for summary judgment, to which plaintiff has filed a response.

Plaintiff worked for HISD in the mid-1970s, then resigned in 1979 to "return to the business world." Nine years later, in 1988, plaintiff again sought employment with HISD. HISD rehired plaintiff conditioned upon his taking and passing the TECAT examination and obtaining the state-required teacher certification. Plaintiff failed the TECAT and resigned in April 1989 because he lacked the necessary certification. In 1990, plaintiff completed the TECAT requirements and applied for reemployment with HISD. HISD did not rehire him, and plaintiff filed suit.

## DUE PROCESS CLAIM

Plaintiff alleges that defendants' failure to rehire him in 1990 violated his due process rights under the Fourteenth Amendment of the United States Constitution. To prevail on a due process claim, plaintiff must establish that defendants' failure to rehire him deprived him of a protected property interest or a liberty interest. The Court finds that plaintiff has failed to meet this threshold requirement.

■ To have a protected property interest, plaintiff must show an entitlement to a benefit which he was denied. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Plaintiff was employed by HISD, voluntarily resigned when he failed to obtain state-required certification, and later reapplied. Plaintiff has cited no case, and the Court is aware of none, which holds that an applicant for employment such as plaintiff has a protected property interest in the position for which he applies. Indeed, the United States Supreme Court has held that employment on a non-tenured basis does not create a protected property interest in continued employment. *Id.* The Fifth Circuit has similarly held that employees with yearly contracts have no protected property interest in the renewal of those contracts. *Moore v. Mississippi Valley State University*, 871 F.2d 545, 550 (5th Cir.1989). Plaintiff did not have a property interest in reemployment with HISD.

■ Plaintiff has also failed to show that defendants' conduct deprived him of a liberty interest. The law is clear that in the employment context, a liberty interest is affected only when a plaintiff is terminated for reasons which were false, stigmatizing, and published, such that his standing in the community is seriously damaged or stigmatized to the extent that he cannot seek or obtain other employment. *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707; *Huffstutler v. Bergland*, 607 F.2d 1090, 1092 (5th Cir.1979); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989). In this case, plaintiff has failed to show that he was terminated; has failed to show that defendants' failure to hire him was for reasons which were stigmatizing and published; and has failed to show that he sought but was unable to obtain employment with another school district. Because plaintiff has failed to establish that defendants' conduct deprived him of a protected property interest or liberty interest, plaintiff's due process claim must fail.

## EQUAL PROTECTION CLAIM

■ To prevail on an equal protection claim under the Fourteenth Amendment, a plaintiff must show discrimination based upon membership in a protected class of

citizens. Plaintiff has not alleged that he is a member of any protected class, or that he was treated differently from other similarly situated persons on a constitutionally prohibited basis. *See, e.g., City of Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Plaintiff has failed to identify any improper classification made by HISD which treated him differently from persons outside that classification. As a result, plaintiff has failed to raise an equal protection claim.

## FIRST AMENDMENT CLAIM

Plaintiff's First Amendment claim is based on an incident in 1979,[1] in which plaintiff intervened to stop the principal of the school in which he worked from administering corporal punishment to a student. Defendants argue that as a matter of law, plaintiff has failed to raise a claim of First Amendment violation; that the statute of limitations on the 1979 incident has expired; and that because HISD rehired plaintiff in 1988, there is as a matter of law no causal link between the 1979 incident and the 1990 failure to rehire.

■ The Court finds that plaintiff has failed to establish a First Amendment violation as a matter of law. Plaintiff asserts that in 1979, he intervened and stopped the school principal from punishing a student, and that he told the principal that he considered the principal's conduct to be abusive. Plaintiff does not allege that he complained in any more public forum. Plaintiff admits that HISD rehired him in 1988, and that he left in 1989 only because he failed the TECAT. Where a public employee speaks in the role of employee and not in the role of public citizen, "a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Moore, supra,* 871 F.2d at 551, *quoting Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1983).

■ Defendants' statute of limitations argument is also valid. Plaintiff asserts in his affidavit that this corporal punishment incident occurred in 1978; that HISD retaliated against him immediately by transferring him to a less desirable position; and that this retaliation was a factor in his decision to leave HISD in 1979. HISD, however, rehired him in 1988. The two-year statute of limitations expired many years before the complaint was filed in state court in 1990. Plaintiff has presented no legal authority for his assertion that the statute of limitations began to run anew when he passed the TECAT examination in 1990 and filed his second application for reemployment. As a result, plaintiff's First Amendment claim is time-barred.

## QUALIFIED IMMUNITY DEFENSE

■ Liability can only be imposed on the individual defendants if it is shown that they knew or should have known that their conduct violated a person's clearly established constitutional rights. *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The individual defendants have raised this qualified immunity defense and the Court finds that as a matter of law it should be sustained. Plaintiff has failed to show that the individual defendants knew or should have known that their failure to hire plaintiff in 1990 violated his constitutional rights. Plaintiff has therefore failed to overcome the presumption of good faith qualified immunity the individual defendants possess as a matter of law. *See Nieto v. San Perlita Independent School District,* 894 F.2d 174, 178 (5th Cir.1990).

## PENDENT STATE LAW CLAIMS

■ Plaintiff also presents pendent state law claims of slander and "infliction of emotional distress." These claims are based upon the actions of defendants Sue Payne and Nieves Olivira. Plaintiff alleges that after he repeatedly visited Payne's office to inquire about his employment prospects,

---

1. There is some discrepancy regarding when the corporal punishment incident occurred. In his first amended petition, plaintiff alleges that it occurred in 1979. In his affidavit filed in response to the motion for summary judgment, plaintiff gives 1978 as the date of the occurrence. The Court finds, however, that this discrepancy is immaterial and does not preclude entry of summary judgment.

Payne allegedly told plaintiff to leave her office or she would contact security. Plaintiff argues that Payne's statement constitutes an accusation of criminal conduct, which is slander *per se* and caused him to suffer emotional distress.

Because the Court finds no basis for the federal claims plaintiff asserts, and because this case is not yet set for trial, the Court declines to exercise jurisdiction over the pendent state claims. *See Parker & Persley Petroleum Co. v. Dresser Ind.,* 972 F.2d 580, 585 (5th Cir.1992).

### CONCLUSION

The Court finds that HISD and the individual defendants are entitled to summary judgment as a matter of law on plaintiff's claims for violations of the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. Those claims are dismissed with prejudice. Plaintiff's claims for violations of state law are dismissed for lack of federal jurisdiction.