Edward PERRY, Appellant,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT, Dr. Joan Raymond, Dr. Frank Petruzielo, Faye Bryant, and Rene Truan, Appellees.

No. 01–94–00011–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 9, 1995.

Rehearing Overruled March 16, 1995.

Ordered Published March 17, 1995.

Carnegie H. Mims, Jr., Houston, for appellant.

Arturo G. Michel, J. Benjamin Barlow, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

We overrule appellant's motion for rehearing, but withdraw our opinion of November 17, 1994, and issue this opinion in its stead.

Appellant, Edward Perry, an employee of appellee, Houston Independent School District (HISD), alleged that appellees breached their contract with him, and violated his right to due process, when he was involuntarily reassigned, at the same pay, from the position of principal to an administrative position in HISD's operations division. Appellees filed a motion for summary judgment, which the trial court granted. Appellant now challenges that judgment on appeal. We affirm.

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Smith, Seckman, Reid, Inc. v. Metro National Corp.*, 836 S.W.2d 817, 819 (Tex.App.—

Houston [1st Dist.] 1992, no writ); *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

In his petition, appellant alleged that in June 1990, he was serving as principal of Scott Elementary School when he received a complaint that four male elementary school students had sexually assaulted a female elementary school student. Appellant did not believe that police action was immediately warranted, and informed the female student and her mother that he needed time to investigate the incident. After interviewing the students, he determined that the male students had raised the female student's dress and "patted" her in inappropriate places. The male students were paddled and dismissed from school, but appellant took no further action.

Appellant further alleged that after a local television reporter picked up the story and interviewed the students, the children changed their story, and admitted that one of the males had exposed himself to the female student, and another of the males had thrown her down and placed himself on top of her.

Additionally, appellant alleged that as a result of his role in this incident, he was wrongfully transferred from his position as principal to an untitled "directorship" in the operations division, where he was "deep-freezed" or "mothballed," and subsequently passed over for several vacancies for a position as principal. Appellant sued HISD, as well as the superintendent at the time of the incident, Dr. Joan Raymond, her successor, Dr. Frank Petruzielo, Faye Bryant, a deputy superintendent at HISD, and Rene Truan, appellant's supervisor in the operations division. The individual appellees were sued in their official capacities, and individually.

 In point of error one, appellant asserts the trial court erred in granting summary judgment on his claim that appellees breached their policy in regard to involuntary transfers. Specifically, appellant claims that HISD failed to follow School Board Policy 522.100, which governs involuntary transfers. Board policy 522.100 reads, in part:

522.100 Administrators

Involuntary transfers shall be made only after a meeting with the General Superintendent, or his designee, at which time the administrator will be notified of the reasons for the transfer and will receive notice of the new assignment in writing.

The undisputed summary judgment proof shows that on June 15, 1990, an administrator at HISD, Howard Jefferson, met with appellant. In his affidavit, Jefferson stated that he was acting as the superintendent's designee at this meeting. During the course of the meeting, Jefferson informed appellant of the reasons for his transfer, and told him to report to Mr. William Morgan, district superintendent, for his new assignment. Jefferson also delivered a letter from Superintendent Raymond to appellant at the meeting. In this letter, Superintendent Raymond reprimanded appellant for his lack of judgment in failing to promptly report the assault to the proper authorities. The letter also informed appellant that he was being reassigned, and directed him to report to the district superintendent regarding his next assignment.[1]

---

1. The June 15, 1990 letter from Superintendent Raymond to appellant reads as follows:

 Dear Mr. Perry:
 The purpose of this letter is to inform you that the District has completed its investigation into the alleged assault of a fifth grade female student at Scott Elementary School on Friday, June 1, 1990. The results of the investigation indicate that a student was assaulted by four of her male classmates while the teacher was out of the classroom. The investigation further revealed that you did not notify Children's Protective Services, the Houston Police Department or your District Superintendent immediately upon being informed of the allegations.
 *Your lack of judgment in promptly reporting and handling this matter raises serious concern.* The District cannot tolerate the abuse or assault of any child in our schools. Consequently, you are formally reprimanded. Further, effective Monday, June 18, 1990, you will be reassigned.

Appellant admits this meeting took place, and admits that he received the letter from Superintendent Raymond. However, he argues that HISD failed to comply with board policy 522.100 because he has not been "reassigned"; he contends the new position is not an assignment, but a "non-existent directorship." He also argues that the letter from Superintendent Raymond does not provide sufficient "notice of the new assignment," as required by board policy 522.100. Appellant contends the notice contemplated by the policy requires the Superintendent to provide *details* about the new assignment.

■ The regulations and operational policies adopted by a school board before entering an employment contract with a teacher form part of the contract. *Myrtle Springs Reverted Indep. Sch. Dist. v. Hogan,* 705 S.W.2d 707, 709 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.), *cert. denied,* 480 U.S. 906, 107 S.Ct. 1350, 94 L.Ed.2d 520 (1987). The interpretation of an unambiguous contract is a question of law for the court. *Markert v. Williams,* 874 S.W.2d 353, 356 (Tex.App.—Houston [1st Dist.] 1994, writ denied).[2] There is no factual dispute regarding the circumstances surrounding the reassignment of appellant. The issue this Court must resolve is the legal interpretation to be given board policy 522.100. We hold that HISD has complied with board policy 522.100.

The plain language of the policy makes three requirements before an involuntary transfer may be effected: (1) the general superintendent or her designee must meet with the administrator; (2) at this meeting the administrator must be given the reasons for the transfer; and (3) the administrator must receive notice of the new assignment in writing.

These three requirements were met in this case. We see nothing in board policy 522.100 that requires the general superintendent to provide the administrator with the details of

the duties involved in his new assignment. The letter from Superintendent Raymond to appellant was sufficient written notice of his new assignment.

■ Further, with regard to appellant's complaint that he has not been reassigned to a real position, the trial court had before it appellant's admission, in his affidavit filed with his petition, that he had been given work to do in his new position in the operations division. Additionally, appellees filed affidavits and documents in support of the motion for summary judgment that showed the following:

Superintendent Joan Raymond's affidavit states that she transferred appellant from the position of principal to *another administrative position in the operations division.*

—Rene Truan's affidavit states that he is appellant's supervisor in the HISD operations division. His duties as appellant's supervisor include the evaluation and supervision of appellant's employment performance.

—Appellant's HISD salary records showed no decrease in compensation to appellant as a result of his reassignment from the administrative position of principal to the administrative position of director in the operations division. In fact, appellant has received raises since June 1990.

■ Appellant filed *no* responsive summary judgment evidence, but he did attach an affidavit to his petition. Ordinarily, an affidavit attached to a pleading rather than to the motion for summary judgment or response does not constitute summary judgment evidence. *Sugarland Business Ctr., Ltd. v. Norman,* 624 S.W.2d 639, 642 (Tex. Civ.App.—Houston [14th Dist.] 1981, no writ). However, in this case appellee attached appellant's petition and affidavit to its own motion for summary judgment as an exhibit. A nonmovant may use a movant's

---

You are directed to report to your district Superintendent, William Morgan, regarding your next assignment.

**2.** Neither party has argued that board policy 522.100 is ambiguous. HISD has argued, alternatively, that if we find the policy to be ambigu-

ous, then appellant has failed to exhaust his administrative remedies because he failed to seek an interpretation of the policy before filing suit in district court. We do not reach this issue because we conclude the policy is unambiguous.

own exhibit against the movant to establish the existence of a fact question. *Keever v. Hall & Northway Advertising, Inc.,* 727 S.W.2d 704, 706 (Tex.App.—Dallas 1987, no writ). Therefore, we will consider appellant's affidavit as summary judgment evidence.

However, appellant's affidavit does not raise a question of fact. The summary judgment evidence established, as a matter of law, that appellant was reassigned from one administrative position to another administrative position; appellant has been assigned duties and has worked 260 days a year as a director since his reassignment in 1990; during the 1991–1992 school year, appellant received an annual salary of $54,768 for his employment as a director. Further, as discussed above, the summary judgment evidence established that appellees provided sufficient notice of appellant's new assignment as required by HISD board policy 522.100.

The trial court did not err in granting summary judgment on appellant's claim that appellees breached the policy on involuntary transfers set out in HISD board policy 522.100. Accordingly, we overrule appellant's point of error one.

In his second point of error, appellant asserts the trial court erred in granting summary judgment on his claims of procedural and substantive due process violations. In his petition, appellant claimed he was denied his right to due process under the Texas Constitution[3] and the United States Constitution[4].

■■■ In order to prevail on a due process claim, a plaintiff must prove that he has been deprived of a protected property interest or a liberty interest. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Nelson v. Payne,* 827 F.Supp. 1273, 1275 (S.D.Tex.1992), *aff'd,* 18

F.3d 935 (5th Cir.1994). On appeal, appellant contends he was denied a valuable *liberty interest* because HISD brought false charges against him that so stigmatized him he could not obtain employment as a principal with any other school district.

■■■ To establish a liberty interest, an employee must show that his employer has published false charges against him such that his standing in the community is seriously damaged, or that he was stigmatized to such an extent that he cannot obtain other employment. *Roth,* 408 U.S. at 573, 92 S.Ct. at 2707; *Wells v. Hico Indep. Sch. Dist.,* 736 F.2d 243, 256 (5th Cir.1984), *cert. dismissed,* 473 U.S. 901, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985).

■■■ In his petition, appellant alleged that "Joan Raymond and Faye Bryant *may have filed or had someone under their supervision file* criminal charges against your Plaintiff, for failure to report the sexual incident to the Houston Police Department and to the Harris County Child Support Division." (Emphasis added). In support of their motion for summary judgment, HISD filed the affidavits of Superintendent Raymond and Faye Bryant, in which they stated they had communicated information concerning appellant's transfer, and the reasons for such, *only to other HISD employees,* for the purposes of fulfilling their duties concerning transfers and reassignments.[5]

In *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 551 (5th Cir.1989), the court held that statements made only in the workplace were not "public," and that in the absence of any "publication," the appellant's liberty interest claim failed. *Id.*

Once HISD introduced competent evidence to negate a necessary element of appellant's cause of action, *i.e.,* "publication," the burden shifted to appellant to introduce evidence to raise a fact issue with respect to the element

---

3. TEX. CONST. art. I, § 19.

4. U.S. CONST. amend. XIV, § 1.

5. We note that in his petition, and in his affidavit attached to his *petition,* appellant specifically stated that on June 1, 1990, the mother of the assaulted female student told appellant that she was going to call the police and file charges. Appellant asked the mother to allow appellant to conduct an informal investigation over the weekend before she filed charges. Appellant's own allegations raise the inference that the mother may have filed charges not only against the involved male students, but also against appellant.

negated. *Goldberg v. U.S. Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). Appellant failed to introduce any summary judgment proof on this issue. In the absence of any summary judgment evidence to show that HISD made "public" any allegations about appellant, appellees were entitled to summary judgment on appellant's claim of deprivation of a liberty interest.

We overrule appellant's second point of error.

In his third point of error, appellant asserts the trial court erred in granting summary judgment on appellant's claim that appellees breached his contract of employment. In his petition, appellant had alleged that appellees violated the contractual provisions encompassed by the HISD board policy 522.100 by re-assigning appellant to a nonexistent directorship.

Appellant's contract of employment specifically states:

> This Contract is entered into by and between the Board of Trustees of the Houston Independent School District ("Board") and Edward Perry ("Administrator") under the following terms and conditions.
>
> 1. The Board hereby agrees to employ Edward Perry as an Administrator to perform duties as assigned by the General Superintendent of the Houston Independent School District.
>
> . . . .
>
> 3. It is understood and agreed by the parties to this Contract that the General Superintendent of the Houston Independent School District shall have the right to assign such duties to the Administrator as the General Superintendent shall deem proper, and may, from time to time, assign or reassign the Administrator to other or additional duties for which the Administrator is professionally certified or otherwise qualified to perform.

Under this contract, the superintendent had discretion regarding reassignment. *See Thomas v. Smith*, 897 F.2d 154, 155 (5th Cir.1989) (teacher had no property interest in continued employment in the same position when his contract specifically allowed reassignment).

Appellant does not contest the school district's right to reassign him. Rather, he alleged appellees breached HISD board policy 522.100, and that appellees' breach was a "material breach" because appellant's reassignment resulted in a material change in his duties and responsibilities. We have already held HISD board policy 522.100 was not breached by appellees in our overruling of appellant's point of error one. Therefore, appellant's argument about the materiality of such a breach is moot.

We overrule appellant's point of error three.

In light of our rulings on appellant's first three points of error, it is not necessary to address points of error four and five dealing with appellees' affirmative defenses, and we decline to do so.

We affirm the judgment.