TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-01-00489-CV







Randy Hale, Appellant



v.



Fort Worth Independent School District ; and Felipe Alanis, Commissioner


of Education of the State of Texas, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. GN-00-1040, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING






 We grant appellant Randy Hale's amended motion for rehearing; we dismiss his
motion for rehearing as moot. We withdraw our opinion and judgment dated April 4, 2002 and
substitute the following opinion.

 Hale appeals the district court's affirmance of the dismissal by the Commissioner of
Education (1) of Hale's appeal of the decision by the Fort Worth Independent School District ("the
District") not to extend his employment contract as a maintenance foreman. We will reverse the
judgment and remand the cause to the district court with instructions to remand the cause to the
Commissioner for further proceedings consistent with this opinion.


BACKGROUND


 The District suspended Hale without pay in 1996 because of allegations that he
misappropriated District property for his personal benefit. Though criminal charges were later
dismissed and the related records expunged, the District chose not to offer him a new one-year
employment contract for the 1998-99 school year. The District's appeals panel denied his challenge
of that decision.

 Hale appealed to the Commissioner. He complained about his suspension without
pay and contended that the District's superintendent violated his employment contract by failing to
supply the board with his performance evaluations when recommending nonextension of his
contract. The Commissioner found that Hale failed to exhaust administrative remedies with regard
to his suspension by failing to present it to the District's board. The Commissioner found that Hale
could not complain of a violation of the contract's terms because he did not put a copy of the
contract into the record at the school-district level. The Commissioner also concluded that Hale's
complaints about the failure to follow board policies did not state a claim because violation of local
policy is not a violation of state law. Accordingly, the Commissioner dismissed Hale's appeal.

 Hale sought judicial review of the Commissioner's decision. He contended that his
suspension without pay and the nonextension of his contract were arbitrary, capricious, unlawful,
and not supported by substantial evidence; he contends the District thereby breached his contract and
violated his rights under the federal and state constitutions. He further contended that the District
breached his contract in the fact and manner of its failure to extend his contract. The district court
severed Hale's breach-of-contract cause of action and affirmed the Commissioner's dismissal of
Hale's challenge to the nonextension of his contract.

 By memorandum opinion dated April 4, 2002, we affirmed the district court's
decision. Because Hale complains only about the Commissioner's dismissal of his breach-of-contract claim, and the district court severed the breach-of-contract cause of action into a separate,
still-extant suit, we found that his appellate complaints related to a cause of action not before us. 
Hale filed a motion for rehearing explaining that the claim in the severed action was a common-law
cause of action, but that his complaint here related to a breach-of-contract claim within the
administrative appeal; the severance of the common-law claim made the district court's affirmance
of the Commissioner's decision--including the administrative breach-of-contract claim--final,
appealable, and properly before this Court. The Commissioner and the District filed responses
agreeing with Hale's view of the posture of the case, but reiterating their request that we affirm the
district court on the merits of its decision.


DISCUSSION


 By his sole issue on appeal, Hale contends that the district court erred by affirming
the Commissioner's dismissal of his appeal for lack of jurisdiction. He expressly does not appeal
the district court's affirmance of the Commissioner's conclusion that he failed to present his
complaint about the suspension without pay to the District. Hale challenges only the court's
affirmance of the Commissioner's conclusion that he lacked jurisdiction because Hale's complaint
about the District's failure to extend his term contract of employment did not state a claim for which
relief could be granted.

 A person may appeal to the Commissioner when aggrieved by an action or decision
of a school-district board of trustees that violates "a provision of a written employment contract
between the school district and a school district employee, if a violation causes or would cause
monetary harm to the employee." See Tex. Educ. Code Ann. § 7.057(a)(2)(B) (West Supp. 2002); (2) 
Smith v. Nelson, 53 S.W.3d 792, 795 (Tex. App.--Austin 2001, pet. denied). The Code also permits
appeals regarding grievances about the state's school laws and the violation thereof by school boards. 
See id. § 7.057(a). The implication is that there is no right to appeal absent a showing of one of the
listed bases for appeal. The Commissioner reviews the record developed at the school-district level
under a substantial evidence standard of review. See Tex. Educ. Code Ann. § 7.057(c) (West Supp.
2002); Smith, 53 S.W.3d at 795.

 We review the Commissioner's decision to see if it is supported by substantial
evidence. Substantial evidence review is a limited standard of review, requiring no more than a
scintilla of evidence to support an agency's determination. Montgomery ISD v. Davis, 34 S.W.3d
559, 566 (Tex. 2000). In conducting a substantial-evidence review, we determine whether the
evidence as a whole is such that reasonable minds could have reached the same conclusion as the
agency in the disputed action. See Texas Educ. Agency v. Goodrich ISD, 898 S.W.2d 954, 957 (Tex.
App.--Austin 1995, writ denied). We may not substitute our judgment for that of the agency and
may only consider the record on which the agency based its decision. See id.; State v. Public Util.
Comm'n, 883 S.W.2d 190, 203 (Tex. 1994). The test is not whether the Commissioner reached the
correct conclusion, but whether some reasonable basis exists in the record for his action. Public Util.
Comm'n, 883 S.W.2d at 204. The findings, inferences, conclusions, and decisions of an
administrative agency are presumed to be supported by substantial evidence, and the burden is on
the contestant to prove otherwise. Id.

 We have held that the Commissioner's interpretation of the jurisdiction conferred on
him by statute is not controlling, but does merit serious consideration if it is reasonable and does not
contradict the plain language of the statute. See Smith v. Nelson, 53 S.W.3d 792, 795 (Tex.
App.--Austin 2001, pet. denied) (citing Dodd v. Meno, 870 S.W.2d 4, 7 (Tex. 1994)). When
reviewing the Commissioner's determination of jurisdiction, we have approved his use of the
procedures used by trial courts. See Smith, 53 S.W.3d at 794 (citing Bland ISD v. Blue, 34 S.W.3d
547, 555 (Tex. 2001)) (Commissioner may review evidence in determining standing or jurisdiction). 
When reviewing a trial-court order dismissing a cause for want of jurisdiction, we construe the
pleadings in favor of the plaintiff and look to the pleader's intent. Texas Ass'n of Business v. Texas
Air Control Bd., 852 S.W.2d 440, 466 (Tex. 1993).

 The Commissioner concluded that Hale failed to invoke his jurisdiction by stating a
cognizable claim. The Commissioner found that, although there was evidence that a contract
existed, Hale did not put the contract into the school-district record and therefore could not complain
about breach of that contract. The Commissioner also found that Hale's complaints were based on
violations of local policy, not of state law. Finding that Hale could not state a claim regarding a
contract and had not stated a claim regarding a violation of state law, the Commissioner dismissed
Hale's complaint. The district court affirmed the dismissal without stating a specific basis.

 Hale contends that the documentation in the school-district record is sufficient to
support his complaint. Hale asserts that the District breached his contract when the superintendent
failed to submit his performance evaluations to the board. He asserted that the requirement that the
superintendent submit employee evaluations to the board is a District policy. District policies in
effect when a contract is signed form part of the contract. Perry v. Houston ISD, 902 S.W.2d 544,
547 (Tex. App.--Houston [1st Dist.] 1995, writ dism'd w.o.j.); Myrtle Springs Reverted ISD v.
Hogan, 705 S.W.2d 707, 709 (Tex. App.--Texarkana 1985, writ ref'd n.r.e.). There is no dispute
that Hale had a contract with the District; indeed, the chairperson of the school district's appeals
panel began the hearing by stating that the panel would hear "the appeal of the administration's
decision to propose the nonextension of the contract of employment of Mr. Randall Hale." Although
the contract itself was not in the record, the requirement that the superintendent show the board the
employee's performance evaluations is in writing and was admitted as an exhibit during the hearing
before the District's appeals panel. The policy-manual page in the record on which the requirement
appears states that it was issued on January 7, 1991; this indicates that it was in effect when the
District last extended Hale's employment in 1996.

 There is thus not substantial evidence in the record to support the Commissioner's
finding that Hale's contract was not before the District. Although the Commissioner is correct in
that there is no document entitled "contract" in the record, the relevant document--the District's
policy--was in the record at the school-district level. Because the District's policy is by law part
of Hale's contract, his complaint about the violation of that policy states a claim for breach of
contract. It is undisputed that the District's decision not to renew Hale's contract deprived him of
the monetary benefits of employment with the District. Without commenting on the merits of his
claim, we conclude that Hale states a claim over which the Commissioner has jurisdiction. See Tex.
Educ. Code Ann. § 7.057(a)(2)(B). His failure to assert a violation of state law is immaterial. The
Commissioner erred by dismissing this appeal for want of jurisdiction.

 The district court's affirmance of the Commissioner's conclusion that he had no
jurisdiction is likewise erroneous. We resolve Hale's sole issue on appeal against the judgment.


CONCLUSION


 We reverse the district court's judgment and remand this claim to the district court
with instructions to remand it to the Commissioner for further proceedings on its merits. We
expressly make no other decision regarding the merits of Hale's breach-of-contract claim, either in
the administrative proceeding or under the common law. We merely conclude that he stated a claim
before the Commissioner over which the Commissioner has jurisdiction.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Remanded

Filed: June 27, 2002

Do Not Publish
1. This appeal was originally filed in the name of the predecessor to the present
Commissioner of Education. We have substituted the current holder of that office as the correct
party to this proceeding. See Tex. R. App. P. 7.2(a).
2. The parties agree that the provisions of Education Code Chapter 21 governing appeals from
nonextensions of term contracts do not apply because Hale was not a teacher or other professional
employee. See generally Tex. Educ. Code Ann. § 21.301, et seq. (West 1996 & Supp. 2002).