ACCEPTED
04-14-00824-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/10/2015 11:27:08 AM
KEITH HOTTLE
CLERK

**NOS.: 04-14-00824-CV**

**04-15-00006-CV**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/10/2015 11:27:08 AM
KEITH E. HOTTLE
Clerk

## IN THE COURT OF APPEALS

## FOR THE FOURTH DISTRICT OF TEXAS AT SAN ANTONIO

---

**ROBERT TYSON,**
**CARL AND KATHY TAYLOR,**
**LINDA AND RON TETRICK,**
**JIM AND NANCY WESCOTT, and**
**PAUL AND RUTHE NILSON,**

      **Appellants/Plaintiffs,**

     **-against-**
**ROBERT N. FREEMAN II,**
**DEMAR BOREN**
**And LORENA YEATES, Husband and**
**Wife,**

      **Appellees/Defendants.**

Appeal from the 198th Judicial District Court
Bandera County, Texas

---

### AMENDED BRIEF FOR APPELLANTS

---

CAROLE K. BOYD
Attorney for Plaintiffs/Appellants
15751 Highway 16 North
Medina, Texas 78055
(830) 589-7587

*ORAL ARGUMENT REQUESTED*
**IDENTITY OF PARTIES AND COUNSEL**

**Appellants/Plaintiffs**

Robert Tyson
Carl and Kathy Taylor
Linda and Ron Tetrick
Jim and Nancy Wescott
Paul and Ruthe Nilson

**Counsel for Appellants**

Carole K. Boyd
15751 Highway 16 North
Medina, Texas 78055

**Appellees/Defendants**

Robert N. Freeman, II
Demar Boren
Lorena Yeates

**Counsel for Appellees**

C. Dixon Mosty
Mosty Law Firm
222 Sidney Baker South, Suite 400
Kerrville, Texas 78028
*Counsel for Robert N. Freeman, II*

Stephen B. Schulte
Stephen B. Schulte, P.C.
Main Plaza One
820 Main Street, Suite 100
Kerrville, Texas 78028
*Counsel for Demar Boren and Lorena Yeates*

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ………………………………….. 2

TABLE OF CONTENTS ……………………………………………….. 3

INDEX OF AUTHORITIES ………………………………………….. 4

STATEMENT OF THE CASE …………………………………………… 5

STATEMENT REGARDING ORAL ARGUMENT …………………….. 6

ISSUES PRESENTED ……………………………………………… 6

STATEMENT OF FACTS ……………………………………………. 7

SUMMARY OF THE ARGUMENT …………………………………… 8

ARGUMENT ……………………………………………………….. 9

    I.     The District Court Erred in Rejecting All of Appellants Summary
          Judgment Evidence ……………………………………………… 9

    II.    The District Court Erred in Granting Summary Judgments to
          Appellees Prior to Completion of Integral Discovery ……………... 11

    III.   The District Court Erred in Denying Appellants' Motion for
          Opportunity to Remedy and Rehearing ……………………………. 13

    IV.   The District Court Erred in Granting Appellees' Motions

For Severance …………………………………………………… 14

V.    The District Court Erred in denying plaintiffs' Motion to Withdraw Any Deemed Admissions, having Granted only the second set of Admissions withdrawn.    15

CONCLUSION AND PRAYER …………………………………….. 21

APPENDIX   (All documents contained in Clerk's Record and Reporters' Records)

**INDEX OF AUTHORITIES**

**CASES:**

*Dubois v. Harris County*
      866 S.W. 2d 787, 791 (Tex.App.-Houston[14th Dist.], 1993 ……….. 9
*McConathy v. McConathy*
      869 S.W.2d, 341 (1994)………………………………………… 10,13
*Deerfield Land Joint Venture v. Southern Union Realty Co.*
      758 S.W.2d 608 (Tex.-App. – Dallas 1968, writ denied) …………… 10
*Perry v. Houston Independent School District*
      902 S.W.2d 544 (Tex. App.-Houston, 1995) ………………………. 10
*Kingston v. Helm*
      82 S.W.3d 755 (Tex. App.-Corpus Christi 2002) ………………….. 11
*Leyendecker & Associates v. Wechter*
      683 S.W.2d 369, 375 (Tex. 1984) ……………………………….. 11
*McInnis v. Mallia*
      261 S.W. 3d 197, 200 (Tex. App.-Houston [14th Dist.] 2008 ………. 11
*Madison v. Williamson*
      241 S.W. 3d 145, 155 (Tex.App.-Houston [1s Dist.] 2007, pet. denied 12
*Garcia v. Martinez,* 988 S.W. 2d 219, 222 (Tex. 1999) …………………… 12
*OAIC Commercial Assets, L.L.C. v. Stonegate Vil., L.P.*
      234 S.W.3d 726, 747 (Tex. App.- Dallas 2007, pet. filed) …………… 13
*Lynette Miller v. Barry Keyser*
      90 S.W. 3d 712 (Tex. 2002) ……………………………………… 13
*Castleberry v. Branscum et al.*
      721 S.W.2d 270 (Tex.1986) ……………………………………… 13
*Morris v. Northrop Gruman Corp.*
      37 F.Supp.2d 556,580 (E.D.N.Y. 1999) ………………………… 14
*State Dep't of Highways & Pub. Transp. v. Cotner*
      845 S.W.2d 818, 819 (Tex. 1993) ……………………………… 15
*Marino v. King,* 55 Tex. Sup. Ct. J.66, 355 SW3d 629 (Tex. 2011) ………… 18, 19
*Wheeler v. Green,* 157 S. W. 3d 439 at 443 (Tex. 2005) ………………… 18
*Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex. 1996) (per curiam) …………… 18

*Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex. 1950) …………………………... 18
*U.S. Fid. Guar. Co. v. Goudeau,* 272 S.W.3d. 603, 610 (Tex. 2008.) …………… 18
*TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917-18
   (Tex. 1991.) ……………………………………………………………….. 19
*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 214-42 (Tex. 1985) … 19

**RULES:**

Texas Rules of Civil Procedure, Rule 166(a)(i) ……………………………….
11 Texas Rules of Civil Procedure, Rule 166(a)(f) ……………………………. 13
TEX. R. CIV. P. 198.1 ………………………………………………. 18

TO THE HNORABLE FOURTH COURT OF APPEALS:

**Statement of the Case**

*Nature of the case*    Plaintiffs were life-time lease holders in a senior citizen retirement

Community originally called "Las Aves Retreat" and later, under

new ownership, "El Viaje." CR 38. The leases were issued to

Plaintiffs by Demar Boren and Lorena Yeates, husband and wife

managers at the premises, under the authority of Robert N.

Freeman, II, attorney, manager and a prior owner of Medina

Livestock Sales Company, LTD. CR 38, 39. The new owners,

through Bankruptcy Court, had the leases declared unenforceable

and, under Texas law, deemed to be tenancies at will. CR 40,

293316. The Plaintiffs were issued letters of termination of their

leases and had to vacate the premises or face eviction. CR 42, 318.

Suit below is for violation of the DTPA, Common Law Fraud,

5

Statutory Fraud, Fraudulent Inducement, Negligent

Misrepresentation, Negligence and Gross Negligence against

individuals and the entity Medina Livestock Sales Company, LTD.

CR 36, Tab 10.

*Trial Court*              198th Judicial District Court, Bandera County
                           Hon. Rex Emerson

*Trial Court's*
*Disposition*              Plaintiffs' summary judgment evidence was excluded (CR 328-

                           331, Tab 26), summary judgment granted to all individual

                           Defendants (CR 448 (Tab 30;  CR 449, Tab 31) and
                           individuals Defendants'/Appellees' motions for severance were

                           granted. CR 490, Tab 40;  CR 494,495.  Plaintiffs'/Appellants

                           motion for Remedy and Rehearing was denied.  CR 491, Tab 41.

**Statement Regarding Oral Argument**

Because of the several rulings, individual defendants motions having been brought simultaneously but Orders being issued at different times, and the confusion that has surrounding the identification of Appellees in this matter, as well as other administrative issues which hopefully will be resolved shortly, it is felt for the Court to have these matters clarified and put into time sequence, and to craft an opinion that is consistent with the issues and facts, oral argument would be appropriate and helpful.  The issues here are important ones, worthy of the Court's full consideration.  The District Court's Orders denying summary judgment evidence, denying re-hearing and granting

severance in a case where clearly the case law and Rules dictate otherwise is erroneous and should be corrected in the administration of justice.

## Issues Presented

1. Did the District Court err in rejecting Plaintiffs' Summary Judgment evidence?

2. Did the District Court err in granting Summary Judgment to all individual Defendants before completion of discovery?

3. Did the District Court err in denying Plaintiffs' Motion for Opportunity to Remedy and for Rehearing?

4. Did the District Court err in granting severance of individual Defendants?

## Statement of Facts

Appellants' First Amended Petition alleges that Appellants were life-time leasees of premises which they leased in a senior citizen community located in Medina, Texas, then known as Las Aves Retreat, paying on average a lump sum of $25,000 per lot. On the lot the Appellants were able to place a park model home, sheds, decks, or simply park a motor home there. Each lot had utilities and became a permanent residence for Appellants who were elderly veterans on social security incomes. Maintenance fees were fixed at $500/year which enabled Appellants to know what their retirement expenses would be to a great extent, for the remainder of their lives. CR 38-40, Tab 10.

Demar Boren and Lorena Yeates (hereinafter "Boren and Yeates"), husband and wife, were the initial management team for the premises, hired by and under the supervision and authority of Robert N. Freeman, II (hereinafter "Freeman".) Boren and Yeates marketed the lots and sold to the Appellants the lifetime leases on behalf of

Freeman and his company and at his direction, assuring Appellants that they were legal and binding. CR 39, 42 (Tab 10). Freeman was represented to Appellants as a real estate attorney from Laredo, and as owner of the premises. Appellants did not have legal representation when they signed the lease agreements, but felt assured of the legality of the documents since they knew Freeman to be a real estate attorney. Freeman visited the property from time to time and met with some of the Appellants. CR 43-48, Tab 10. Eventually, in or about 2008, Robert Freeman effected a sale of the premises to an entity known as El Viaje Retreat, LLC, owned and operated by Susan Venus and Anne Blankenship, taking back a purchase money mortgage. CR 39-40, Tab 10. He then transferred title of the premises from Medina Livestock Sales, Company, LTD to Listo Corporation, another of his entities.

In September 2012 the new owners filed for bankruptcy in order to try to avoid the leases of Appellants and others who held lifetime leases at El Viaje. In July 2013 Judge Craig A. Gargotta held that the lifetime leases of Appellants and other residents of the retreat were not legal in Texas, but were deemed to be tenancies at will and could be rejected and terminated. CR 292-317, Tab 23. Shortly thereafter, the Appellants were given written notice that their leases were terminated. CR 318, Tab 23. Appellants lost their life's savings as they could not get their investments back on their homes that they had established over the years and found themselves forced to move from the retreat, losing their investments and sustaining substantial damages. CR 42-48, Tab 10.

Appellants brought the instant litigation alleging violation of the Deceptive Trade Practices Act, and for Common Law Fraud, Statutory Fraud, Fraudulent Inducement, Negligent Misrepresentation, Negligence, and Gross Negligence. CR Tab 10

8

## Summary of the Argument

Attorneys for individual Appellees both moved for summary judgment in District Court, and moved to have Appellants' summary judgment evidence excluded. Argument was made by the attorney for Freeman, Dixon Mosty, that excerpts from deposition transcripts were not authenticated and thus could not be summary judgment evidence. He also objected to a Bankruptcy Court transcript and resultant Order, and an unauthenticated letter from the attorney for the Debtor in Bankruptcy (the subsequent owner of the premises then known as El Viaje Retreat, LLC) to residents at El Viaje Retreat, including Appellants.

The Court, having heard argument from Mr. Mosty, having reviewed his submission which was handed to the court and counsel at the start of the hearing, and taking into account the case being cited by Mr. Mosty upon which his argument was based, rejected Appellants' evidence and thus granted summary judgments to all individual plaintiffs.

The case relied upon by Mr. Mosty was a 1993 Court of Appeals case. In January 1994 the Texas Supreme Court, taking up the same issue, found authentication unnecessary. Appellants then moved for an opportunity to cure (the unauthenticated letter, a form defect) and re-hearing on having all evidence exclude. Appellants' motion was wrongfully denied.

Individual defendants, at the same hearing, had moved for severance; their motions were wrongfully granted.

Appellants underlying matter was thus eviscerated, as it was the individuals who have, pursuant to case law, the liability, and who also have the means to compensate Appellants for the resultant damages at the hands of these individuals.

9

**Argument**

**1. The District Court Erred in Rejecting all of Appellants' Summary Judgment Evidence.**

The District Court ruled that all of Appellants' Summary Judgment Evidence should be rejected, presumably pursuant to Appellees' argument. No explanation was offered by the Court. By doing so, Appellants had virtually no means of opposing the summary judgments. The argument of counsel for Freeman, C. Dixon Mosty, was based upon the case of *Dubois v. Harris County,* 866 S.W. 2d 787, 791 (Tex.App.-Houston[14th Dist.], 1993.) which found unauthenticated excerpts from transcript to be inadmissible as evidence for summary judgment proofs. In January, only a month after that decision, the Supreme Court of Texas, in *McConathy v. McConathy,* 869 S.W.2d, 341 (1994) held otherwise, overturning the underlying case of *Deerfield Land Joint Venture v. Southern Union Realty Co.,* 758 S.W.2d 608 (Tex.-App. – Dallas 1968, writ denied) relied upon by *Dubois.* Thus, Appellees cited bad law and the District Court, without comment or explanation, ruled against Appellants and dismissed all of their evidence. RR (Paula Beaver) 10. Counsel for Appellees also argued that Appellants could not use their own answers to discovery as summary judgment evidence. However, a non-movant may use a movant's own exhibit against the movant to establish the existence of a fact question. *Perry v. Houston Independent School District,* 902 S.W.2d 544 (Tex. App.-Houston, 1995). Appellants had argued that they believed the corporate entity and Freeman to be one and the same. Anything argued by counsel for Appellants after their Summary Judgment evidence was excluded, though, was not able to be considered (Rule 166a[i]). There were issues raised by Appellees' counsel contesting individual liability and statute of limitations. These issues were heard by the Judge, but no response by

10

Plaintiffs/Appellants' counsel could be considered, and there were valid and important responses to be considered. Although counsel attempted to address the issue of statute of limitations, because the Appellants' evidence was not considered, it remained to be proven that Plaintiffs/Appellants only knew of the illegality of their leases when the Bankruptcy Judge opined that they were not enforceable leases in Texas, but rather tenancies at will and that they could be terminated and were unenforceable. This came about well within the statute for Plaintiffs' time frame to bring suit. Likewise, there was case law stating that individuals had liability whether they knew or not that what they were promoting was illegal. It is well established in Texas case law that a corporate agent can be personally liable for tortious acts which he directs or participates in during his employment. *Kingston v. Helm,* 82 S.W.3d 755 (Tex. App.-Corpus Christi 2002); *Leyendecker & Associates v. Wechter,* 683 S.W.2d 369, 375 (Tex. 1984). This was not able to be introduced or considered as Plaintiffs/Appellants had no admissible evidence, and without such, Summary Judgments had to be granted against them. Defendants/Appellees motions, also, were defective in that they were not specifically address or labeled as No-Evidence Motions. Plaintiffs/Appellants therefore had no notice of what their burden of proof was on going into the hearing, and assumed that they were traditional motions for Summary Judgment. The Court, though, treated them as No-Evidence Motions. This was an additional factor in the devastating effect of excluding Plaintiffs/Appellants' evidence.

**2. The District Court Erred in Granting Summary Judgments to Appellees prior to Completion of Integral Discovery.**

Appellants, both in their opposition papers and in open Court, stated that Summary Judgment was not ripe because the deposition of Freeman, a critical event to this matter,

11

had not yet been taken. CR 289, 290; RR (Paula Beaver) 16-18.   Appellants did not request a continuance because of reliance upon case law and Rules which denote when summary judgment is appropriate.  Texas Rules of Civil Procedure, Rule 166(a)(i) allows for a summary judgment motion to be made after "adequate time for discovery." According to the comment to Rule 166(a)(i), "a discovery period set by pretrial order should be adequate opportunity for discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph (i) would be permitted after the period but not before." *McInnis v. Mallia,* 261 S.W. 3d 197, 200 (Tex. App.-Houston [14th Dist.] 2008, no pet.  The trial court's determination that there has been adequate time for discovery is reviewed above for abuse of discretion.  In the instant matter, there was no statement whatsoever from the District Court as to whether summary judgment was ripe because of adequate time for discovery having been had.   A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner ''without reference to any guiding rules or principles." *Madison v. Williamson,* 241 S.W. 3d 145, 155 (Tex.App.-Houston [1s Dist.] 2007, pet. denied (quoting *Garcia v. Martinez,* 988 S.W. 2d 219, 222 (Tex. 1999).  When Summary Judgment motions were made, Summary Judgment relief was not appropriate; the discovery period had not run, and the deposition of Freeman was of upmost importance to the determination of his liability and authority of his management.  Until these issues were clarified, it was impossible to determine which individual defendants/Appellees might have liability, and to what extent. Additionally, when depositions of Boren and Yeates where sought by counsel for Appellants, a motion was made to quash. CR 81-90, Tag 19.  Those depositions were sought prior to taking the deposition of Freeman for strategic purposes, and the refusal for compliance with agreed

12

upon dates was based upon the statement by counsel that they would be a waste of time. All other written discovery had been taken. When Appellants finally set a date when no response came from Appellees as to a date, all individuals made a motion to quash. When the Court asked if Appellants had requested a continuance by motion, it was answered that, there was no formal request for a continuance in opposition papers, but it was stressed that discovery was not complete and Summary Judgment, therefore, was not ripe as there were facts in dispute that required the deposition of Freeman. RR (Paula Beaver) 16-28. In any event, no continuance was granted, and there was no factual determination or further discussion by the Court as to why Summary Judgment would be granted notwithstanding incomplete discovery.

**3. The District Court Erred in Denying Appellants' Motion for Opportunity to Remedy and Rehearing.**

By having rejected Appellants' Summary Judgment evidence in its entirety, the District Court had no evidence before it in opposition to the Summary Judgment motions brought by the individual defendants. However, the Court had an opportunity upon the return date of Appellants' motion for Remedy and Rehearing to correct their mistake of law, and allow Appellants a rehearing on the Appellees' motions. *OAIC Commercial Assets, L.L.C. v. Stonegate Vil., L.P.,* 234 S.W.3d 726, 747 (Tex. App.- Dallas 2007, pet. filed) ("The sole purpose of a motion for rehearing is to provide the court an opportunity to correct any errors on issues already presented.") At that time, Appellants made the court aware of case law evidencing the fact that Appellants' Summary Judgment evidence was admissible (RR 4-5: *McConathy v. McConathy*, 869 S.W.2d 341 [Tex. 1994]) , as well as case law whereby Appellants had viable claims against individual defendants for liability (RR 12: *Lynette Miller v. Barry Keyser,* 90 S.W. 3d 712 [Tex. 2002]) See also

*Castleberry v. Branscum et al.*, 721 S.W.2d 270 (Tex.1986.). In other words, Appellants' desire for a rehearing was not rhetorical in nature, but a valid assertion that the individual defendants must remain in the case in chief. The Court also had the opportunity to allow Appellants to remedy any defects of form. TRCP 166(a)(f).        The District Court Judge stated in Court on the motion that he had reviewed the transcript of Lorena Yeats and that his holding still stood as previously Ordered. The Judge did not state that he reviewed any other of the evidence submitted by Appellants which was previously rejected, or give any rationale for his holding.

The mistake of law upon which Appellants' evidence was excluded not only denied Appellants the ability to defend the Summary Judgment motions, but highly prejudiced the outcome of their subsequent motion for rehearing and remedy. The District Court seemingly was not going to change its ruling no matter what evidence was then set forth before it by Appellants. This amounted to a continued abuse of discretion by the District Court in disregard of case law, Rules and procedure. Appellants should have been granted a rehearing as counsel for Freeman's admission that there was subsequent case law which invalidated his own submission of case law was clearly the deciding element in the Court's holdings on Summary Judgment and on that basis alone a rehearing should have been granted.

**4. The District Court Erred in Granting Appellees' Motions for Severance.**
Severance should only be granted if it will further the administration of justice. "Relevant considerations in determining whether to sever a party or claim may include 1) whether the claims arise out of the same transaction or occurrence; 2) whether the claims present common questions of law or fact; 3) whether judicial

economy would be served;  4) whether prejudice could be avoided through severance; and 5) whether the separate claims require different witnesses and documentary proof." *Morris v. Northrop Grumman Corp.,* 37 F.Supp.2d 556,580 (E.D.N.Y. 1999).   A claim may be properly severed only if: (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be proper if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *State Dep't of Highways & Pub. Transp. v. Cotner,* 845 S.W.2d 818, 819 (Tex. 1993).   In this case the severance of the claims against the individual defendants were not only inextricably interwoven with the remaining action, but could not stand along, as all individuals were agents of the corporate entity.  The severance was only to make the summary judgments in favor of the individuals instantly appealable and to divide the litigation into three separate actions.  In doing so, as was well known to opposing counsel and the Court, it placed an insurmountable financial burden on Appellants.  Appellees are fully aware that Appellants have lost their life's savings over this situation and have a financial hardship which precludes such expenditures.  Appellants are seeking justice on a virtual shoestring, and to have multiple cases to be appealed at once would be financially impossible for them.  Appellants have alleged serious damages at the hands these individual defendants which, by law, are compensable.  However, if the Court makes it untenable for them to proceed, then justice would go out the window, and that is not the intention of the Rules, the law, or this judicial system.  There was no compelling reason for severance except to create a hardship for Appellants, severance was an abuse of discretion, and should not have been granted.

**5.       The District Court erred in Denying Plaintiffs' Motion to Withdraw**

**Any Deemed Admissions, having Granted only the second set Withdrawn.**

During summary judgment argument as well as in the motion papers of defendant Robert Freeman, his counsel argued that plaintiffs were late in submitting answers to admissions, and that those admissions were deemed admitted. Further, it was argued that defendant would seek to confirm that the answers were "deemed admitted" although in his motion, defendant utilized answers other than the ones he deemed admitted. With this in mind, and it having a certain effect on the outcome of this litigation, plaintiffs sought, by motion, to withdraw any deemed admissions.

Counsel for Defendant Freeman initially served what he referred to as "integrated discovery" upon five plaintiffs (Robert Tyson, Carl Taylor, Kathy Taylor, Jim Wescott and Nancy Wescott, sent on March 12, 2014. This consisted of a packet of admissions, interrogatories and document production requests. Answers were due April 14, 2014.

Plantiffs Carl and Kathy Taylor had moved to South Carolina to work in an RV park, having lost their home in Medina at El Viaje due to the very issues involved in the instant litigation. They use a post office box in Medina and their mail is forwarded, as they do not now have a permanent residence. By the time the discovery was received by the Taylors and they tried to gather all of the documents requested going back some thirteen years, and then forwarded the answers and documents back to counsel, it was over the deadline for answering.

Plaintiff's counsel called counsel for defendant's office (counsel for defendant never personally has taken a phone call), informed the office that answers and documents would be late because of the distance and huge amount of documents produced, and said that once the documents were professionally copied, the discovery would be hand

16

delivered. There was no objection as to timing from counsel for defendant. Discovery was produced and delivered by hand on May 1, 2014. All interrogatories were answered, all admissions were answered, and all relevant documents were produced for all plaintiffs.

On April 28, 2014 a second set of 4 packets of integrated discovery was sent out by defendant's counsel for plantiffs Ruthe Nilson, Paul Nilson, Linda Tetrick and Ron Tetrick. The second set of answers were due June 2, 2014.

The plaintiffs had sent to their counsel their responses, which had to be put into typed format and copied. Those responses should have been served in a timely manner, except for the unfortunate fact that counsel found herself in the hospital on May 31 with a very serious leg injury with which she could have lost her leg. Hospitalization lasted the better part of a week, and when she returned home it was hooked up to a machine with home nursing care. Virtually incapacitated and bed-ridden, counsel lost two entire months of practice. Despite this circumstance, a call was immediately placed to the offices of counsel for defendant Freeman, to inform them of the situation, and that as soon as possible, responses would be sent. On or about June 27, 2014 defendant's counsel sent a fax to plaintiffs' counsel saying that discovery was late and that he would seek sanctions. On June 30, 2014 plaintiffs' counsel sent a fax back reminding him that she was in the hospital and had not been able to do any work until that week. Exhibits had been copied, and the answers needed to be typed and were promised by within the week (see Exhibit "A" attached hereto.) On July 7, 2014 the second set of discovery responses were served. Counsel, a sole practitioner, with no one else to attend to this

17

requirement and between nursing care, unhooked the machine, hand delivered them to the offices of counsel for defendant Freeman.

Knowing that the admissions, if deemed admitted, would be contradictory to interrogatory answers, documents, and the facts, counsel for plaintiffs moved to have the deemed admissions withdrawn. No opposition papers were submitted by defendant's attorney. At the hearing plantiffs' counsel advised Judge Emerson of the Texas Supreme Court case of October 21, 2011 (*Marino v. King*, 55 Tex. Sup. Ct. J.66, 355 SW3d 629 (Tex. 2011). This case was on point in several respects. First, it opined on p. 5 of the opinion that requests for admissions were intended to simplify trials. "They are useful when 'addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents.', quoting *Wheeler v. Green,* 157 S. W. 3d 439 at 443 (Tex. 2005). "They may be used to elicit 'statements of opinion or of fact or of the application of law to fact.'" TEX. R. CIV. P. 198.1. In the Marion case, the requests essentially required the plaintiff to admit the validity of defendant King's claims and concede her defenses- matters King knew to be in dispute. "Requests for admissions were never intended for this purpose." *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex. 1996) (per curiam) ( quoting *Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex. 1950) (stating that requests for admission were 'never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.')". "As we have previously observed, requests for admission should be used as 'a tool, not a trapdoor.' *U.S. Fid. Guar. Co. v. Goudeau,* 272 S.W.3d. 603, 610 (Tex. 2008.)'" "And when admissions are deemed as a discovery sanction to preclude a presentation of the merits, they implicate the same due process concerns as other case-ending discovery sanctions.

18

*Wheeler,* 157 S.W.3d at 443 (citing *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917-18 (Tex. 1991.)"

The Marino holding goes on to state that absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions. "Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 214-42 (Tex. 1985)." "Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults. In Marino, there was no evidence of "flagrant bad faith or callous disregard for the rules, and nothing to justify a presumption that Marino's defense lacks merit." *Id.*

No trial date has been set and no prejudice to defendants was admitted by defendant's counsel at the hearing. However, defendant's counsel did argue that there was flagrant bad faith with both sets of discovery requests. He also argued that the admissions that were deemed admitted were of no particular substance. This, however, is not the case. In looking at the attachments to defendant Freeman's motion for summary judgment, Exhibit "A", the integrated discovery to plaintiff Robert Tyson, Mr. Tyson denied that he had never spoken to Robert Freeman in person (Admission No.1); denied that Viaje did not instruct him to move from the Leased Premises (Admission No. 5 an 6); denied that Viaje did not terminate his lease (Admission No. 7); denied that his lease was not terminated before moving from the Leased Premises (Admission No. 8); denied that there was no evidence showing Freeman and/or Medina knew that the Lease Agreement was a "tenancy at will" at the time it was entered into (Admission No. 33);

19

denied that Viaje was responsible for a percentage of the damages alleged (Admission No. 35); denied that Susan Venus was responsible for a percentage of damages (Admssion No. 37); denied that Anne Blankenship was responsible for a percentage of damages (Admission No. 38); denied that Tyson himself was responsible for a percentage of his own damages (Admission No. 39); denied that his attorney Carole Boyd was responsible for a percentage of his damages (Admission No. 40); denied that his lease had not been adjudged "illegal" under Texas law (Admission No. 41); denied that if the lease were enforceable under the laws of Texas he would not have any claims against Freeman or Medina (Admission No. 42); denied that the Bankruptcy Court Order did not declare the leases illegal (Admission No. 43); denied that the reason for vacating the premises was personality conflicts and not because of the lease being a tenancy at will (Admission No. 44); denied that he had not been prescribed any medication by any medical professional for pain and mental anguish that arose from having moved from the Leases Premises (Admission No. 45.) There were also other admission which were admitted in part and denied in part. These are serious issues which go to the heart of the litigation and which, if admitted, destroy the causes of action for all plaintiffs.

The judge, in ordering the first set of discovery admissions deemed admitted, and the second set "undeemed" (see attached Order, Exhibit "B"), has divided plaintiffs, all having the same claims and causes of action, so that some have retained their correct admissions, and others have had their admissions all deemed admitted, despite having denied many of them, and despite answers to interrogatories running to the contrary.

This creates not only confusion but extreme prejudice to plaintiffs and precludes unified presentation of the merits of the case for no apparent or logical reason. There was

20

clearly no intended or flagrant bad faith or abuse of the rules and no prejudice at all to the defendant. The District Court erred in denying all deemed admissions to be withdrawn.

## Conclusion and Prayer

For these reasons, Appellants request that this Court reverse the District Court's Orders granting Appellee's motions for Summary Judgment, for Severance and for Denying Withdrawal of all Deemed Admissions, and specifically Deny Appellees Summary Judgment and Severance Motions and Grant All Deemed Admissions Withdrawn.

In the alternative, if the Court does not specifically Deny the motions for Summary Judgment and Severance, Appellants request that this Court reverse the District Court's Order Denying Appellants' Motion for Remedy and Rehearing, and allow Appellants an opportunity to amend their evidence and for a rehearing on the Summary Judgment and Severance motions. Appellants also request all other relief to which they may show themselves justly entitled.

April 13, 2015                           Respectfully Submitted,

/S/Carole K. Boyd
State Bar Number:  00786793
15751 Highway 16 North
Medina, Texas 78055
(830) 589-7587
Fax:  (830) 589-7598
ATTORNEY FOR APPELLANTS

CERTIFICATE OF SERVICE

I certify that on April 13, 2015 the within Brief for Appellants was served upon opposing counsel by e-filing and email as follows:

21

C. Dixon Mosty
Mosty Law Firm
Email:  cdmosty@mostylaw.com

Stephen B. Schulte
Stephen B. Schulte PC
Email:  sschulte@schultepc.com

/S/  Carole K. Boyd

**CAROLE KING BOYD**
ATTORNEY AT LAW
15751 HIGHWAY 16 NORTH
MEDINA, TEXAS 78055
TEL: (830) 589-7587
FAX: (830) 589-7598


June 30, 2014


Mosty Law Firm
222 Sidney Baker S., Suite 400
Kerrville, Texas 78028
Attention: C. Dixon Mosty

Re; Tyson et als. v. Freeman et als.

Dear Mr. Mosty:

A little professional courtesy might be called for. I told you that I was in the hospital and have been in and out of facilities and at home nursing care for the past month. I have been unable to do much work until this week. I have had the many exhibits copied. I still need to put answers in typewritten form, but believe that I can do that by the end of the week.

Thank you for your kind consideration.

Very truly yours,


Carole K. Boyd

CKB:hs
Cc: Steve Schulte
*Sent Via Fax Transmission Only*


***EXHIBIT "A"***

23

NO.  CV-13-356

| | | |
|---|---|---|
| ROBERT TYSON,<br>CARL AND KATHY TAYLOR,<br>LINDA AND RON TETRICK,<br>JIM AND NANCY WESCOTT, and<br>PAUL AND RUTHE NILSON, | § | IN THE DISTRICT COURT |
| | | |
| | § | 198th DISTRICT |
| Plaintiffs, | | |
| -against- | | |
| ROBERT N. FREEMAN II,<br>Individually and as Principal of<br>MEDINA LIVESTOCK SALES<br>COMPANY, LTD; DEMAR BOREN<br>And LORENA YEATES, Husband and<br>Wife, | § | BANDERA COUNTY, TEXAS |
| Defendants. | § | |

## ORDER GRANTING MOTION TO WITHRAW ANY DEEMED ADMISSIONS

On March 10, 2015 Plaintiffs' Motion to Withdraw any Deemed Admissions came before the court.  The Court having considered all submissions of counsel, and oral argument having been heard, ORDERED as follows:

Plaintiffs' motion is hereby GRANTED. _— as to the second set of Admissions due June 2015_  The admissions submitted by Plaintiffs deemed as admissions are withdrawn, and shall be considered as having been submitted to counsel for Defendant Robert N. Freeman, II, in timely fashion.

Dated:     March 25 , 2015

_____
JUDGE PRESIDING

FILED

2015 MAR 25  AM 11: 13

TAMMY KNEUPER, DIST. CLERK
BANDERA COUNTY, TEXAS
BY: Alma Baker
DEPUTY

*EXHIBIT "B"*

24